UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Prospect Communications, Inc.,            Civil No. 13-2557 (JNE/FLN)

         Plaintiff,
v.                                                    **REPORT AND**
                                                       **RECOMMENDATION**
Tyrone Herman, d/b/a Executive
Marketing Group,

         Defendant.

_____

Brian Dunn for Plaintiff.[1]

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 2, 2013 on Plaintiff's motion for a preliminary attachment order (ECF No. 7). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Plaintiff's motion for a preliminary attachment order (ECF No. 10) be **DENIED**.

**I. FINDINGS OF FACT**

Prospect Communications filed a complaint against Tyrone Herman on September 17, 2013. The complaint alleges breach of contract, fraud and negligent misrepresentation based on three specific transactions between Prospect and Herman. ECF No. 1. For approximately six years Prospect and Herman enjoyed a successful business relationship: Herman would identify appliance purchase orders for national retailers and Prospect would fulfill them. Typical deals were in the

---

[1]     No appearance was made for the Defendant.

1

$800,000 range; Prospect would earn a 30 percent return and Herman would receive a five percent commission. ECF No. 9 at ¶ 3. In February 2013 Prospect and Herman executed a contract to fulfill a large order for General Appliances. *Id.* at ¶ 5. Prospect financed the deal and expected a $6.9 million return. *Id.* The order was successfully filled, but Herman has yet to pay Prospect the money it is owed. Two months later, in April 2013, Herman requested two short term loans from Prospect, totaling $500,000. Herman promised to repay these loans within 30 days, but has yet to do so. Prospect has since learned that the Internal Revenue Service (IRS) garnished Herman's bank account for approximately $8 million on April 29, 2013. Prospect alleges that Herman knew of the pending IRS garnishment prior to the February 2013 deal and that Herman has since been using the money owed to them to pay the IRS instead. ECF No. 8 at ¶ 3.

## II. ANALYSIS

Prospect seeks a prejudgment attachment order under Minn. Stat. §§ 570.01-08, which would allow the seizure of some of Herman's property immediately in order to ensure satisfaction of any judgment to follow.[2] ECF No. 10 at 4. Under Minn. Stat. § 570.025, one seeking a preliminary attachment order must set forth (1) the basis and amount of the claim in the civil action, (2) the facts which constitute the grounds for attachment as specified in Minn. Stat. § 570.02 and (3) a good faith estimate of any harm that would be suffered by the respondent. However, a preliminary attachment order may be issued *only* if the following conditions are also met: (1) the claimant has made a good faith effort to inform the respondent of its application for attachment; (2) the claimant has demonstrated the probability of success on the merits; (3) the claimant has demonstrated the

---

[2] Application of state law is appropriate in this diversity case, so long as it does not conflict with federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

existence of one or more grounds specified in Minn. Stat. § 570.02; and (4) due to extraordinary circumstances, the claimant's interests cannot be protected pending a hearing by an appropriate order of the court, other than by directing a prehearing seizure of property. Minn. Stat. § 570.025, Subd. 2. In this case, assuming without deciding that Prospect has set forth the necessary requirements under Minn. Stat. § 570.025, Subd. 1 and is able to fulfill at least one of the grounds for attachment under Minn. Stat. § 570.02,[3] Prospect has not met the extraordinary circumstances prong under § 570.025, Subd. 2. In short, Prospect has not shown that a prehearing seizure is necessary to protect its interests.

Prospect seeks to attach Herman's St. Paul home[4] and various accounts receivable through which multiple retailers owe Herman more than $30 million.[5] However, the documents submitted in support of this motion indicate that several accounts receivable were placed on hold by the retailers in response to inquiries from the Department of Commerce. ECF No. 8-1 at 10-11. This suggests that at least several million dollars are entirely secure at the present moment. No evidence

---

[3] Prospect relies on Minn. Stat. § 570.02 Subd.1(1), which provides grounds for attachment when "the respondent has assigned, secreted, or disposed of [any nonexempt property] with intent to delay or defraud the respondent's creditors." Although it appears that Herman's payment to Prospect was delayed, he wrote to Prospect in July that "[M]y intention is to take a portion of each receivable to meet the proposed payment schedule." *See* ECF No. 8-1, July 12, 2013 e-mail.

[4] Prospect does not address the Homestead exemption, which appears to protect at least $390,000 of the value of Herman's home. Minn. Stat. 570.025, Subd. 6, 510.01 ("Homestead" defined as "[t]he house owned and occupied by a debtor . . . shall constitute the homestead . . . and be exempt from seizure or sale under legal process . . . .")

[5] According to Prospect's representation at the hearing, the majority percentage of this money is owed to Prospect, and in the normal course, would be paid to Prospect from Herman.

in support of this motion suggests that any of the retailers who have outstanding payments owed to Herman are going to transfer those funds forthwith. Moreover, Prospect has submitted no evidence that Herman is attempting to hide any assets or transfer them out of the state. Thus, although Herman has prioritized payments to the IRS rather than Prospect, the Court concludes this action alone is insufficient to trigger the extraordinary remedy of a preliminary attachment. *See, e.g. Kreditverein Der Bank Aus. Creditanstalt Fur Niederosterreich Und Burgenland v. Nejezchleba*, 2004 U.S. Dist. LEXIS 15115, *8 (denying preliminary attachment where no evidence was presented that Plaintiff had taken any action to hide, disperse, or otherwise make her assets in the United States unavailable); *Coleman v. Mertes*, 408 N.W. 2d 662, 666 (upholding a preliminary attachment of bicycle store inventory where it was the only collateral securing a promissory note already $5100 in arrears).

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary attachment order (ECF No. 7) be **DENIED**.

DATED: October 29, 2013
*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 12, 2013m** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the

objecting party's brief within **five (5) days** after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 12, 2013** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.