UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Prospect Communications, Inc.,           Civil No. 13-2557 (JNE/FLN)

        Claimant,

v.                                                    **REPORT AND RECOMMENDATION**

Tyrone Herman, d/b/a Executive
Marketing Group,

        Respondent.

---

Brian Dunn for Plaintiff.[1]

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 4, 2013 on Claimant's motion for attachment of property (ECF No. 23) and for default judgment (ECF No. 30). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Prospect's motion for default judgement be **GRANTED** and Prospect's motion for attachment be **DENIED.**

## I.    FINDINGS OF FACT

Prospect Communications filed a complaint against Tyrone Herman on September 17, 2013. The complaint alleges breach of contract, fraud and negligent misrepresentation based on three specific transactions between Prospect and Herman. ECF No. 1. For approximately six years Prospect and Herman enjoyed a successful business relationship; Herman identified appliance

---

[1]      No appearance was made by the Defendant.

1

purchase orders for national retailers and Prospect fulfilled them. ECF No. 9 at ¶ 2. Typical deals were in the $800,000 range. *Id.* at ¶ 3. On average, Prospect earned a 30 percent return and Herman received a five percent commission. *Id.* In February 2013 Prospect and Herman executed a contract to fulfill a large order for General Appliances. *Id.* at ¶ 5. Prospect financed the deal and expected a $6.9 million return. *Id.* The order was successfully filled, but Herman has yet to pay Prospect the money it is owed. Two months later, in April 2013, Herman requested two short term loans from Prospect, totaling $500,000. Herman promised to repay these loans within 30 days, but has yet to do so. Prospect has since learned that the Internal Revenue Service (IRS) garnished Herman's bank account for approximately $8 million on April 29, 2013. Prospect alleges that Herman knew of the pending IRS garnishment prior to the February 2013 deal and the April 2013 loans. To that end, Prospect alleges that it was intentionally mislead by Herman who never intended to repay Prospect on time, but rather intended to use the money from the General Appliances deal and the personal loans to pay the IRS. ECF No. 8 at ¶ 3. In total, Prospect seeks $7,162,719.00 ($6,662,719 from the February deal, $500,000 total for the two April loans).

## II. ANALYSIS

### 1. Prospect's motion for default judgement should be granted.

On October 24, 2013, Prospect moved for default judgement under Rule 55 of the Federal Rules of Civil Procedure. ECF No. 30. In support of its motion, Prospect notes that more than twenty-one days have passed since Herman was served with the complaint and that the Clerk of Court entered default on October 21, 2013.[2] ECF No. 29. In addition, two summons have been

---

[2] The complaint was filed on September 17, 2013 and Herman was served on September 24, 2013.

issued to Herman (ECF Nos. 3 and 5) and notice of hearings were served to him on September 27, 2013, October 19, 2013 and October 24, 2013 (ECF Nos. 18, 24 and 33). Neither Herman, nor anyone on his behalf, has filed an answer or other responsive pleading. Under these circumstances, entry of default judgment is appropriate. *See Patil v. Minn. State University*, 2012 U.S. Dist. LEXIS, *36 (D. Minn. Dec. 10, 2012); *Radford v. Kanabec Minn.*, 2013 U.S. Dist. LEXIS 11616, *4 (D. Minn. Jan. 11, 2013). The sum sought by Prospect is clear: $7,162,719.00.[3]

### 2. Prospect's motion for attachment should be denied.

Minn. Stat. §§ 570.01-08 allows for the prejudgment attachment of non-exempt property for the purpose of providing security for the satisfaction of a judgment under certain circumstances. To issue an attachment order, the Court must first find that the Claimant meets one of the criteria enumerated in Minn. Stat. § 570.02, subd. 1 (1)-(6)[4] and find that the Claimant has demonstrated a probability of success on the merits. Prejudgment attachment is a statutory remedy unkown to the common law and is available only in extraordinary circumstances. *Connecticut v. Doehr*, 501 US 1, 16 (1991). Even when the statutory criteria are satisfied, an attachment order may *not* be issued if, "the circumstances do not constitute a risk to collectibility of any judgement that may be entered." Minn. Stat. § 570.026, subd. 3(1). Here, Prospect seeks to attach various accounts

---

[3]
> Under the facts of this case, Prospect could have sought default judgment from the Clerk of Court under Rule 55(b)(1), but because the Court heard Prospect's motion for default judgment in conjunction with Prospect's motion for attachment, the motion for default judgment is properly considered under Rule 55(b)(2).

[4]
> The relevant statutory enumeration where attachment might be allowed in this case is "when the respondent has assigned, secreted, or disposed of [ ] any of the respondent's nonexempt property, with the intent to delay or defraud the respondent's creditors." Minn. Stat. § 570.02, subd.1(1).

3

receivable through which multiple retailers owe Herman more than $30 million.[5] The account's receivable include:

1. Best Buy, $2,548,064.00
2. Best Buy, $734,517.00
3. Meijer, $1,545,014.00
4. Target, $1,658,800.00
5. Target, $1,874,600.00
6. AAFES, $1,427,400.00
7. Walmart, $4,220,320.00
8. Kohl's, $2,589,600.00
9. Amazon, $4,331,600.00
10. JCP, $1,003,600.00
11. BJ's, $1,885,725.00
12. Sears/ Kmart, $1,449,760.00
13. Sears/ Kmart, $1,994, 200.00

This Court concludes that under the circumstances of this case, the resort to a prejudgment attachment order is not necessary. Prospect has not suggested that any of the retailers identified above plan to transfer the funds to Herman forthwith. In fact, documentation submitted in support of this motion indicate that several accounts receivable have been placed on hold in response to inquiries from the Department of Commerce. ECF No. 8-1 at 10-11. This suggests that at least several million dollars are entirely secure at the present moment. In the Court's view, Prospect's ability to collect on the default judgment recommended in this report and recommendation is not at risk. Collection of its debt is most properly realized through other, ordinary, post-judgment processes. Such process can commence, once judgement is entered.[6] *Compare* Minn Stat., §

---

[5] According to Prospect's representation at the hearing, most of this money is owed to Prospect, and in the normal course, would be paid to Prospect from Herman.

[6] In the event the District Court does not adopt this court's recommendation that default judgment be entered in the amount requested, Plaintiff may renew its request for a prejudgment attachment.

571.71(3) ("As an ancillary proceeding to a civil action for the recovery of money, a creditor may issue a garnishment summons as provided in this chapter against any third party [] at any time *after* entry of a money judgment in the civil action.") (emphasis added), *with* Minn. Stat. § 570.01 (attachment provided as "security for the *satisfaction* of any judgment that the claimant *may recover,*" to be issued where the civil action "*is pending.*") (emphasis added).

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Claimant's motion for default judgement (ECF No. 30) be **GRANTED**.

2. Claimant's motion for an attachment order (ECF No. 23) be **DENIED**.

DATED: December 5, 2013                    *s/Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before December 20, 2013, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within **[five (5) days]** after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **[ DATE]** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court,

and it is, therefore, not appealable to the Circuit Court of Appeals.